IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER BORREGO, (TDCJ-CID #1243448) Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-17-2841 |
| JOAN CAMPBELL, et al., Defendants. | § § § § | |

## MEMORANDUM AND OPINION

Roger Borrego, a Texas Department of Criminal Justice inmate, sued in September 2017, alleging civil rights violations resulting from a denial of due process. Borrego, proceeding pro se and in forma pauperis, sues Joan Campbell, Judge of the 248th Judicial District Court of Harris County, Texas; and Connie Spence, Assistant District Attorney for Harris County.

The threshold issue is whether Borrego's claims should be dismissed as frivolous.

### I. Plaintiff's Allegations

Borrego asserts that Assistant District Attorney Spence coached the State's witness, and Judge Campbell allowed this conduct. Borrego alleges that Judge Campbell also ordered the witness's response to be stricken from the record.

Borrego asks that his conviction be vacated and that he be given a new trial.

### II. Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit by a prisoner against a prison official.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III. Analysis

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

In this instance, the crux of Borrego's complaint is that he was improperly charged and convicted of indecency with a child. (Cause Number 964682). The complaint challenges the validity of his conviction based on prosecutorial misconduct and trial court error. A ruling granting Borrego the relief which he seeks would necessarily implicate the validity of his conviction in Cause No. 964682, and inevitably affect the duration of his confinement.

Under *Heck,* Borrego must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Borrego cannot make such a showing. He has not alleged that his conviction in Cause Number 964682 has been reversed, invalidated or otherwise expunged. Until Borrego receives a ruling declaring his sentence invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . ."). Borrego's claims challenging his conviction for indecency with a child are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Borrego's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

## IV.    Claims Against Judges

Judges are afforded absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 357-60 (1978). A judge's jurisdiction is construed broadly; a judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. *Id.* at 357. The nature of the function performed governs the immunity analysis. *Forrest v. White,* 484 U.S. 219, 227-229 (1988)(denying judge absolute immunity when performing administrative rather than judicial duties).

Borrego challenges the acts and omissions of Judge Campbell, who presided over his criminal trial. Reviewing and ruling on the admissibility of evidence is a normal judicial function. The controversy centers around the criminal trial that was properly in Judge Campbell's court. The complained-of acts against Judge Campbell arose out of Judge Campbell's handling of the case.

The record is clear that the challenged acts of Judge Campbell were judicial acts. Borrego does not allege, nor does the record support, a clear absence of jurisdiction on the part of this judicial officer. Borrego's claims against Judge Campbell lack merit because Borrego is seeking relief from a party who is immune from suit.

## V.     The Claim Based on Prosecutorial Misconduct

Borrego seeks damages against an Assistant District Attorney for conduct in the prosecution of the criminal case. Absolute immunity precludes his claim. Prosecutors have absolute immunity from such damages claims. *Beck v. Tex. State Bd. Of Dental Examiners*, 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed*, 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id.* Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The actions Borrego complains of are related to the judicial process and were undertaken in furtherance of the attorney's advocacy function in her representation of the government. Defendant Spence is entitled to absolute immunity from Borrego's suit, and the damages claims against her are dismissed.

## VI.    Conclusion

The action filed by Roger Borrego (TDCJ-CID Inmate #1243448 ) lacks an arguable basis

in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are DENIED as moot.

The TDCJ-CID must deduct twenty percent of each deposit made to Borrego's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on Sept. 29, 2017.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE